OPINION
Defendant-appellant Nick Heropulos appeals the December 21, 1999 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, which granted parties a divorce and awarded child support. Plaintiffs-appellees are Patti Heropulos, Connie Hamilton, and Deborah Davenport.
 STATEMENT OF THE CASE AND FACTS
Appellant married appellee Patti Heropulos on May 20, 1978. Three children were born as issue of the marriage. At the time of this action, two of the children were emancipated. During the marriage, appellant fathered two other children, one with appellee Deborah Davenport and one with appellee Connie Hamilton. On April 23, 1998, the parties entered into a separation agreement which provided for the division of property and the adjustment of the parties' debts. The issue of child support was left open for determination by the court. At the time of the complaint, appellant was earning $3,300 a month as a Canton City Police Officer. Prior to the divorce action, appellant was ordered to pay child support for the two children born outside of the marriage. On December 1, 1991, appellant was ordered to pay child support to Ms. Davenport in the sum of $220 per month for their son, Nathan Davenport. This order was modified July 1, 1993 to $337.56 per month. On July 9, 1997, appellant was ordered to pay $449.00 per month for child support to Connie Hamilton, for their child, Taylor. The divorce matter proceeded to a trial before the magistrate on April 21, 1999. Appellant had filed a Motion to Modify Support in the juvenile cases involving the two children born outside the marriage and the trial court consolidated those cases for hearing with the divorce action. In June 1998, appellant was charged with misdemeanor domestic violence against appellee Deborah Davenport. As a result of the charge, the Canton City Police Department suspended appellant with pay. However, in September of 1998, appellant was convicted of domestic violence and terminated from the Canton Police Department on November 25, 1998. Appellant appealed his conviction to this Court in Case No. 1998CA00254. This Court reversed the conviction and returned to the matter to the trial court. On January 17, 1999, appellant took a job at Papa Johns Pizza earing $5.80 per hour. At trial, appellant testified he attempted to obtain a traveling sales person position, but the terms of his house arrest precluded such employment. The trial court found appellant could not testify to any other significant specific attempts to gain employment at an appropriate wage. While appellant did testify he obtained an application at the Lorain Ford Plant, he had failed to complete the application process and had not prepared a resume for that or any other position as of the date of trial. On February 4, 1999, appellant filed Motions to Modify Child Support in the two cases involving the children born outside of his marriage. Appellant's motion to consolidate these motions with a pending divorce action was granted. On May 4, 1999, the magistrate issued findings of fact and conclusions of law relative to the child support award in the divorce action. On May 5, 1999, the magistrate issued Findings of Fact and Conclusions of Law relative to each of the other two children. After specifically stating she had factored in the child support orders for the two children born outside of the marriage, the magistrate ordered appellant to pay $388.00 per month for child support of the child of the marriage. On May 13, 1999, appellant filed Objections to the Magistrate's Decisions. On December 21, 1999, the trial court filed its Judgment Entry granting the divorce and ordering the child support consistent with its June 29, 1999 Judgment Entry. It is from that judgment entry appellant prosecutes this appeal assigning the following as error:
 I. THE TRIAL COURT'S FINDING THAT THE DEFENDANT'S CONVICTION FOR MISDEMEANOR DOMESTIC VIOLENCE AND HIS TERMINATION AS A CANTON POLICE OFFICER THEREAFTER CONSTITUTES VOLUNTARY UNDEREMPLOYMENT IS CONTRARY TO LAW AND CONSTITUTES AN ABUSE OF DISCRETION.
 II. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND ERRED AS A MATTER OF LAW IN FAILING TO CONSIDER FACTORS IN ACCORDANCE WITH CONSIDERATIONS LISTED IN O.R.C. 3113.21.5(A)(5)(a) REGARDING THE IMPUTATION OF INCOME.
 III. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN FAILING TO MODIFY THE SUPPORT ORDERS IN JU77310 AND JU97771 BASED UPON THE NEW SUPPORT ORDER IN THE DIVORCE CASE WHICH MUST BE FACTORED INTO THOSE ORDERS.
 I
In his first assignment of error appellant maintains the trial court erred in finding his conviction of domestic violence and subsequent termination as a Canton City Police Officer constituted a voluntary underemployment, and as such, was an abuse of discretion. We disagree. This Court has previously held a violation of the law and subsequent incarceration are voluntary acts, not beyond the control of a child support obligor. Stewart v. Clay (Dec. 15, 1997), Stark App. No. 1997CA00161, unreported. We have therefore also held that termination or modification of child support based on incarceration is not appropriate, as the obligor is voluntarily unemployed. Willis v. Willis (Feb. 23, 1998), Stark App. No. 1998CA00244, unreported. We find appellant's conviction for domestic violence and his subsequent termination based upon that conviction to have been a voluntary act. Further, as noted in the magistrate's decision later adopted by the trial court, appellant did not testify to any other specific, significant attempt to gain employment at an appropriate wage. We find no error in the trial court's decision was voluntarily underemployed. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court abused its discretion in failing to consider the statutory factors set forth in R.C. 3113.21.5(A)(5)(a) in imputing income for purposes of a child support award. We disagree. Whether a parent is voluntarily unemployed is a matter for the trial court to decide, based on the facts of each case, and the decision is not to be disturbed absent an abuse of discretion. Rock v. Cabral (1993), 67 Ohio St.3d 108.
The standard of review of an appellate court in a domestic relations matter concerning child support is abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. We must look to the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. The magistrate imputed income to appellant on the finding he is voluntarily underemployed. Magistrate's Decision at 3. R.C. 3113.21.5(A)(5)(a) addresses imputed income and provides:
 Imputed income that the Court or Agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides.
The leading case in Ohio addressing the issue of imputed income is Rock v. Cabral (1993), 67 Ohio St.3d 108. In the Rock case, the Ohio Supreme Court held: Whether a parent is `voluntarily underemployed' within the meaning of R.C. 3113.21.5(A)(5), and the amount of `potential income' to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case. The determination will not be disturbed on appeal absent an abuse of discretion.
Id. at syllabus.
The Court explained that in calculating and awarding child support, a trial court must consider the "potential income" as well as the gross income of a parent the trial court determines to be voluntarily unemployed or underemployed. Id. at 111,616 N.E.2d 218. "Potential income", for purposes of calculating child support, is based on the amount the parent would have earned if he or she had been fully employed. Id., citing R.C. 3113.21.5(A)(5)(a). This amount is to be determined by the parent's potential and probable earnings based on the parent's recent work history, job qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides. Id. The record indicates appellant engaged in conduct which resulted in his termination from employment and subsequent rehire at a lower rate of pay. We find the trial court did not abuse its discretion when it imputed income, to appellant $3,300 per month. Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant maintains the trial court abused its discretion when it failed to modify his child support obligation to the two children born outside of the marriage. Specifically, appellant contends the new support order generated as a result of the divorce proceeding constituted a change in circumstances requiring a modification of the previous two support orders. We note appellant did provide the records in each of the two paternity cases as part of this appeal, however, appellant failed to file direct appeals from either of those orders. Accordingly, we have no jurisdiction to address the denial of either motion for modification. Appellant's third assignment of error is dismissed.
The June 28, 1999 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
 ____________ Reader, V.J.
Hoffman, P.J. and Wise, J. concur.